Citation Nr: 1504654 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 04-41 672A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office and Insurance Center in Philadelphia, Pennsylvania


THE ISSUES

1. Entitlement to service connection for prostate cancer. 

2. Entitlement to service connection for depression. 

3. Entitlement to service connection for an eye disorder. 

4. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel


INTRODUCTION

The Veteran served on active duty from December 1961 to October 1981. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2003 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) and Insurance Center in Philadelphia, Pennsylvania. 

A hearing was held before a Decision Review Officer (DRO) in December 2005, and a transcript of the proceeding is on file.

In December 2009, the Board remanded this appeal to the RO via the Appeals Management Center (AMC), in Washington, DC, for a Board hearing to be scheduled. 

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record, in addition to the Veteran's Virtual VA paperless claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board is remanding the appeal to afford the Veteran an opportunity for a hearing in this matter before a Veterans Law Judge. 

On his December 2004 VA Form 9 (Substantive Appeal) the Veteran had requested a DRO hearing with regard to the present claims on appeal. In December 2005, this DRO hearing was held.

The Veteran then perfected an appeal of the additional claim for entitlement to service connection for a respiratory condition due to involvement in Project SHAD. Through his October 2006 VA Form 9 he requested a hearing at the RO before a Veterans Law Judge of the Board (i.e., a Travel Board hearing). The next month he amended this request to one for a Board videoconference hearing. 

In a March 2009 rating decision, the RO granted service connection for interstitial lung disease secondary to asbestos exposure. This was considered a full grant of the benefits sought as to a claimed respiratory disorder. Following this favorable decision, however, the Veteran did not withdraw his request for a Board videoconference hearing. Nor has he ever indicated that the scope of his hearing testimony was to be limited to a claimed respiratory disorder. Rather, the Veteran may continue to address any claim presently on appeal through the hearing sought. 

Accordingly, in December 2009, the Board remanded this appeal to the RO via the Appeals Management Center (AMC), in Washington, DC, for the Veteran to be scheduled for a Board videoconference hearing. In June 2014, the Veteran was sent a letter notifying him that his Board videoconference hearing had been scheduled for July 25, 2014. The Veteran failed to report for this hearing. However, in a January 2015 statement, the Veteran's representative alleged that the Veteran's Board videoconference hearing had not been scheduled and requested that it be scheduled. Thus, in favor of the Veteran's claims, the Board will remand this appeal one more time for the Veteran to be scheduled for his requested Board videoconference hearing.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing before a Veterans Law Judge at the earliest opportunity, and notify him of the date, time and location of this hearing. Place a copy of this letter in the claims file. If, for whatever reason, he changes his mind and withdraws his request for this hearing or does not appear for it on the date scheduled, also document this in the claims file.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
TANYA SMITH 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).